**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LAQUAN N. JAMES,

      Petitioner,                    Civil No. 05-CV-70466-DT
                                        HONORABLE GEORGE CARAM STEEH
v.                                  UNITED STATES DISTRICT JUDGE

KENNETH T. McKEE,

      Respondent,

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Laquan N. James, ("Petitioner"), presently confined at the Handlon Correctional Facility in Ionia, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   In his *pro se* application, petitioner challenges his conviction for assault with intent to rob while armed, M.C.L.A. 750.89.  Petitioner has now filed a motion to hold the petition in abeyance to permit him to return to the state courts to present additional claims which are not included in his current habeas petition.  For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his additional claims, failing which the petition shall be dismissed without prejudice.  The Court will also administratively close the case.

1

## I. Background

Petitioner was convicted by a jury of the above offense in the Wayne County Circuit Court on November 29, 2001 and was sentenced to 17 ½ to 35 years in prison.  Petitioner's conviction was affirmed on appeal. *People v. James,* No. 239993 (Mich.Ct.App. February 17, 2004); *lv. den.,* 471 Mich. 871; 685 N.W. 2d 670 (2004).

On February 5, 2005, petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the three grounds that he raised in the Michigan appellate courts.  Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to the Wayne County Circuit Court to exhaust additional ineffective assistance of trial counsel claims.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998).  However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002).  Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill*

2

*v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court will grant petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims.  In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1).  A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).  A federal district court has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his or her completely exhausted petition. *See Rhines v. Weber,* 125 S. Ct. 1528, 1532-36 (2005).  The Supreme Court indicated that "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 1535.

3

The Supreme Court has not yet defined what would constitute good cause for purposes of staying a mixed habeas petition and holding it in abeyance pending the exhaustion of claims in the state courts.  However, ineffective assistance of counsel may establish cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  In this case, petitioner claims that his appellate counsel was ineffective for failing to raise on direct appeal the ineffective assistance of trial counsel claims that he has yet to exhaust with the state courts.

On remand from the United States Supreme Court, the federal district court in *Rhines* held that the ineffective assistance of post-conviction counsel constituted "good cause" for petitioner's failure to exhaust claims in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust the claims. *Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005).  Another judge in this district has twice found that an appellate counsel's alleged ineffective assistance for failing to raise a claim on a habeas petitioner's direct appeal constituted good cause to justify holding the petition in abeyance pending the petitioner's return to the state courts. *See Boyd v. Jones,* 2005 WL 2656639, * 4 (E.D. Mich. October 14, 2005); *Martin v. Warren,* 2005 WL 2173365, * 2 (E.D. Mich. September 2, 2005).  This Court likewise agrees that appellate counsel's failure to raise petitioner's ineffective assistance of trial counsel claims on petitioner's direct appeal would constitute

4

good cause for his failure to exhaust these claims with the state courts.  In addition, petitioner would have good cause for failing to exhaust any ineffective assistance of appellate counsel claim, because post-conviction review would be his first opportunity to raise this claim in the Michigan courts. *See e.g. Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004).  Furthermore, petitioner's claims do not appear plainly meritless.  Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for 30 days and will allow petitioner to return to the state courts to seek post-conviction relief, in which case the Court will hold the present petition in abeyance.  This tolling is conditioned upon petitioner initiating his state post-conviction remedies within thirty days of receiving this Court's order and returning to federal court within thirty days of completing the exhaustion of his state court post-conviction remedies. *See Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B)

5

and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III.  ORDER

Accordingly, it is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **thirty (30) days of receipt of this Court's order.**  If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case shall then be held in abeyance pending the petitioner's exhaustion of the claims.  The petitioner shall re-file a habeas petition within 30 days after the conclusion of the state court post-conviction proceedings.  Petitioner is free at that time to file an amended habeas petition which contains his newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related

docket entry shall be considered a dismissal or disposition of this matter. *See Sitto*

*v. Bock,* 207 F. Supp. 2d at 677.


                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

Dated:  May 9, 2006

                            CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 9, 2006, by
electronic and/or ordinary mail.


                                        S/Josephine Chaffee
                                        Secretary/Deputy Clerk

7